# In the United States Court of Federal Claims

No. 22-1932
(Filed: 14 February 2023)
NOT FOR PUBLICATION

```
*************************************
TWO KNIGHTS DEFENSE, LLC,            *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant,             *
                                     *
and                                  *
                                     *
FIVE STONES RESEARCH CORP.,          *
                                     *
              Defendant-Intervenor.  *
                                     *
*************************************
```

## ORDER

On 30 December 2022, plaintiff Two Knights Defense, LLC filed under seal its complaint in this post-award bid protest, ECF No. 1. Following the status conference held on 11 January 2023, the Court entered a briefing schedule for forthcoming motions for judgment on the administrative record, ECF No. 15. On 23 January 2023, and in accordance with the scheduling order, the government served the administrative record to the parties through a file-sharing program and filed a notice of the filing of the administrative record, ECF No. 30. On 7 February 2023, the government moved to correct the administrative record, ECF No. 31, which the Court granted on the same day. On 9 February 2023, plaintiff filed an amended complaint, ECF No. 33. On 13 February 2023, the Court struck plaintiff's amended complaint as deficient because plaintiff did not ask for leave to file the amended complaint pursuant to Rule 15(a)(2) of the Rules of the Court of Federal Claims ("RCFC"), ECF No. 35. The same day, plaintiff filed an unopposed motion for leave to file an amended complaint ("Mot. to Amend Compl."), ECF No. 36.

RCFC 15(a)(2) allows a party to amend "with opposing party's written consent or the court's leave." The Court "should freely give leave when justice so requires." RCFC 15(a)(2). When a party amends its complaint to include allegations it could not have made prior to examining the administrative record, the Court should grant leave. *See Knowledge Connections, Inc. v. United States*, 76 Fed. Cl. 6, 8 (2007) (citing *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1582 (Fed. Cir. 1993) (noting the federal rules "are quite permissive in permitting a

party to amend its complaint to conform to the evidence and to the positions taken at trial"))
(granting leave to amend the complaint after the administrative record was filed). Plaintiff seeks
to add three counts to the complaint based on the administrative record not available at the initial
time of filing. *See* Mot. to Amend Compl. at 1–2. The government and intervenor do not oppose
the amendment. *Id.* at 2. As plaintiff did not have access to the full administrative record prior
to filing its initial complaint and the parties do not oppose the amendment, the Court grants leave
to amend the complaint. *See Knowledge Connections, Inc.*, 76 Fed. Cl. 6 (citing *Cedars-Sinai
Medical Center*, 11 F.3d at 1582 (noting the federal rules "are quite permissive in permitting a
party to amend its complaint to conform to the evidence and to the positions taken at trial"))
(granting leave to amend the complaint after the administrative record was filed); RCFC
15(a)(2).

The Court accordingly **GRANTS** plaintiff's motion for leave to file its amended
complaint, ECF No. 36; plaintiff **SHALL FILE** its amended complaint by **17 February 2023**.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge